IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN SPECE, | : Civ. No. 1:21-CV-511 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| BOY SCOUTS OF AMERICA, | : |
| | : |
| Defendant. | : |

<u>MEMORANDUM OPINION</u>

I. <u>Statement of Facts and of the Case</u>

Pending before the court is the defendant's motion to dismiss the *pro se* prisoner-plaintiff's complaint. (Doc. 41). The plaintiff, Justin Spece, is an inmate incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Huntingdon ("SCI Huntingdon"). Spece brought this lawsuit in March of 2021 against the defendant, the Boy Scouts of America ("BSA"), alleging that between 1990 and 1992, he was sexually abused by one of his BSA pack leaders. (Doc. 1 at 4).

Shortly after the case was filed, BSA filed a suggestion of bankruptcy, and this matter was stayed pending those bankruptcy

proceedings. (Docs. 8, 13). The case has remained stayed throughout the pendency of those proceedings.

The United States Bankruptcy Court for the District of Delaware entered an order confirming the debtors' Third Modified Fifth Amended Chapter 11 Plan of Reorganization ("the Plan"), in September of 2022 (the "Confirmation Order"). (Doc. 41-6). The United States District Court for the District of Delaware affirmed the Confirmation Order on March 28, 2023. *In re Boy Scouts of America and Delaware BSA, LLC*, 650 B.R. 87 (D. Del. 2023). After several groups of claimants and insurers appealed, the Third Circuit Court of Appeals denied motions to stay the effectiveness of the Plan pending appeal. *In re Boy Scouts of America and Delaware BSA LLC*, No. 23-1664 (Doc. 27) (3d Cir. Apr. 19, 2023). As of April 19, 2023, the Plan became effective. (Doc. 41-8).

The Plan provides that "liability for all Direct Abuse Claims shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents." (Doc. 41-7 at 71). The Discharge Injunction provides that a holder of a Direct Abuse Claim "shall be precluded and permanently enjoined from . . . (a) commencing

2

or continuing any action or other proceeding of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property[.]" (*Id.* at 125). Further, the Channeling Injunction states that the sole recourse for the holder of an Abuse Claim "shall be to and against the Settlement Trust pursuant to Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Abuse Claim against any Protected Party . . ." (*Id.* at 125-25). The defendant is included in the definition of "Debtors" and "Protected Parties" under the Plan (*see id.* at 26, 48), and the plaintiff qualifies as a holder of a "Direct Abuse Claim" based upon his allegations in the complaint. (*Id.* at 12-13, 27) (defining "Abuse" and "Direct Abuse Claim").

BSA has now filed a motion to dismiss Spece's complaint, asserting that the bankruptcy court's issuance of the Confirmation Order, Plan of Reorganization, Discharge Injunction, and Channeling Injunction provides the sole remedy for the plaintiff to be compensated for his claims of abuse. (Doc. 41). For his part, the plaintiff has not responded to the motion but instead has filed a motion to appoint counsel. (*See* Docs. 43,

45-46). For the following reasons, we will deny the plaintiff's motion to appoint counsel and grant the defendant's motion to dismiss.

## II. Discussion

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The defendant moves to dismiss Spece's complaint, arguing that his claim of abuse falls within the Chapter 11 Plan and the Injunctions, and as such, his sole remedy is to seek compensation from the Settlement Trust, rather than a civil lawsuit. (Doc. 41). Accordingly, BSA asserts the complaint fails to state a claim upon which relief can be granted. (*Id.*). As we have noted, despite two extensions of time in which to file a response, Spece has not filed a response to the motion but has instead filed a motion to appoint counsel. (Doc. 46).

Here, we conclude that the Order of the District Court confirming the Plan is clear and mandatory:

> The injunctions as set forth in Article X of the Plan are to be implemented in connection with the Settlement Trust, shall be in full force and effect on and after the Effective Date, and shall not be subject to any additional exceptions or limitations and shall apply to any claim or cause of action by any person or entity concerning the Abuse Insurance Policies issued by the Settling Insurance Companies, other policies issued by the Settling Insurance Companies covering Abuse Claims, and such respective policies' proceeds.

(Doc. 41-6 at 8).  Further, because the Third Circuit denied all motions to stay the effectiveness of the Plan and Injunctions pending appeal, and we have concluded that the plaintiff's claim is subject to the Plan and Injunctions, dismissal of the plaintiff's complaint is appropriate.  Indeed, as we have noted, the Discharge Injunction provides that a holder of a Direct Abuse Claim "shall be precluded and permanently enjoined from . . . (a) commencing or continuing any action or other proceeding of any kind against the Debtors, Reorganized BSA, the Settlement Trust, or its or their respective property[.]"  ((Doc. 41-7 at 125).  Accordingly, this language directly encompasses the plaintiff's claim in this case, and as such, his claim must be dismissed.

The plaintiff's motion to appoint counsel indicates that he would like counsel appointed to file an opposition to the instant motion. (Doc. 46). While we understand the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." The decision to appoint counsel under §1915(e)(1) is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The Third Circuit Court of Appeals has set forth six factors to guide our consideration of the plaintiff's request for counsel:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457. Additionally, the Court of Appeals has recognized several practical considerations which we must consider, such as the number of *pro se* prisoner actions filed in federal court; the lack of

6

funding for court-appointed counsel; and the limited number of lawyers willing to undertake representation without compensation. *Tabron*, 6 F.3d at 157. "[V]olunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately." *Tabron*, 6 F.3d at 157.

In the instant case, where we have concluded that the Plan and Injunctions apply to the plaintiff's claims and require dismissal of his complaint, we cannot conclude that appointing counsel for the plaintiff would be appropriate. Accordingly, we will deny the plaintiff's motion to appoint counsel.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to appoint counsel (Doc. 46) will be DENIED, the defendant's motions to dismiss (Doc. 41) will be GRANTED, and the complaint will be DISMISSED WITH PREJUDICE.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge